LOLLAR *v.* EAST MISSISSIPPI OIL COMPANY, INC.

No. 40860          November 3, 1958          106 So. 2d 65

*Sims & Sims,* Columbus, for appellant.

*Roger C. Landrum,* Columbus, for appellee.

GILLESPIE, J.

Appellant sued J. E. Walker an'd East Mississippi Oil Company, Inc., for damages appellant's automobile sustained when it fell off a grease lift while being serviced by Walker. Walker defaulted and judgment was entered against him. The trial court granted appellee, East Mississippi Oil Company, Inc., the peremptory instruction and appellant appeals from the judgment entered in favor of appellee, East Mississippi Oil Company, Inc.

Appellee leased to Walker a service station, including the grease rack or lift, which appellee agreed to keep in repair. Appellant left his automobile with Walker to be serviced. Walker improperly placed the automobile on the grease rack so that the front end was where the rear end should have been. The rack was constructed so that there was a flat bar for the front axle to rest on, and a fork for the rear axles to rest on to accommodate the protrusion in the center of the rear axle housing the differential. As placed on the rack by Walker, the round differential housing was resting on the flat bar of the grease rack designed for the front axle. Because it was in a state of disrepair, the grease lift vibrated and appellant's automobile fell and was damaged. While the evidence showed that the automobile would not have fallen if it had been properly placed on the rack, it also appears that the jury could have found, had the case been submitted to it, that the automobile would not have fallen if the grease rack had not vibrated.

The appellant showed by the evidence that at some time before Walker leased the service station, and while

the station was leased to one Tate, the grease rack had vibrated in the same manner as it did when appellant's automobile was damaged, and that Tate notified the appellee. It was also shown without dispute that appellee repaired the grease rack and it worked properly during the balance of Tate's tenure as lessee of the service station, and that neither Walker nor anyone else gave appellee any further notice that the grease rack was out of repair. There was no proof that the appellee knew or should have known of any defective condition in the grease rack prior to the time when appellant's automobile was damaged.

It is not contended that appellee is vicariously liable for the negligence of Walker. Cf. Shell Petroleum Corp. v. Linham, 163 So. 839. It is the contention of appellant that since appellee had notice that the grease rack was out of repair when it was being operated at some indefinite past date when Tate was the lessee of the service station and it then vibrated in the same manner as it did when appellant's automobile fell from the rack, the case should have been submitted to the jury on the question of appellee's liability. But the record shows without dispute that appellee repaired the grease rack after Tate gave notice it was out of repair, and thereafter it operated properly for Tate. No one ever thereafter notified the appellee that the grease rack was out of repair prior to the damage to appellant's automobile. There is nothing in the record to show that appellee knew or should have known of any defect in the grease rack prior to the damage complained of. Appellant has cited no case sustaining his position, and we know of no rule of law whereby appellee could be liable under the facts revealed by this record.

Appellant also contends that the doctrine of res ipsa loquitur applies to this case, but there is no merit to this contention. Appellee neither had control of the apparatus nor the operation thereof.

Affirmed.

*McGehee, C. J.*, and *Kyle, Arrington* and *Ethridge, JJ.*, concur.